IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

STEVEN M.,

    Plaintiff,        No. 3:18-cv-00459-HZ

 v.             ORDER

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

    Defendant.

  Plaintiff Steven M. brought this action seeking review of the Commissioner's final decision to deny Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). On January 17, 2019, the Court adopted the parties' Stipulated Motion to Remand to Agency and ordered that the case be reversed and remanded for further administrative proceedings. Judgment was entered January 17, 2019. On August 14, 2019, Plaintiff's counsel received notice of Plaintiff's award for benefits. Pl. Mot. Att. 2, ECF 20-2.

  Plaintiff now seeks an award of fees pursuant to 42 U.S.C. § 406(b). Defendant has no objection to the request. The Court has reviewed the record in the case, the motion, and the

supporting materials including the award of benefits, the fee agreement with counsel, and the recitation of counsel's hours and services.

Under 42 U.S.C. § 406(b), a court entering judgment in favor of a social security disability insurance ("SSDI") claimant who was represented by an attorney may "determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the total past-due benefits to which the claimant is entitled . . . ." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2006). The attorney fee award in a social security case is paid by the claimant out of the past-due benefits award, not by the losing party, and the claimant's attorney bears the burden of demonstrating the requested fee is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 802, 807 (2002).

Contingent-fee agreements providing for fees of 25 percent of the past-due benefits awarded are the most prevalent fee arrangements between Social Security claimants and attorneys. *Crawford*, 586 F.3d at 1147 (quoting *Gisbrecht*, 535 U.S. at 800). The statute does not specify how to determine whether a requested fee is reasonable, but the Supreme Court has instructed that courts "must respect 'the primacy of lawful attorney-client fee agreements . . . looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Id*. (quoting *Gisbrecht*, 535 U.S. at 793, 808). The *Crawford* court set out factors, based on its analysis of *Gisbrecht*, for analyzing the reasonableness of a requested fee in a particular case: (1) the character of the representation (specifically, if the representation was substandard); (2) the results achieved; (3) any delay attributable to the attorney seeking the fee; and (4) whether the requested fee is not in proportion to the time spent on the case (i.e. whether the award would be a windfall). *Crawford*, 586 F.3d at 1151–53 (citations omitted). The *Crawford* panel also recognized the risk inherent in contingency-fee representation is an appropriate factor to consider

in assessing a fee's reasonableness, but instructed courts to focus on the "complexity and risk involved in the specific case at issue to determine how much risk the firm assumed in taking the case." *Id*. at 1153.

Applying the standards set by *Gisbrecht*, the Court determines that a downward adjustment in the requested fee is warranted in this case. The Court first turns to the contingent-fee agreement. Its terms are within the statutory limits of 42 U.S.C. § 406. Pl. Mot. Att. 1, ECF 20-1. Along with the agency fee already received, the requested fee of $13,800 is $19.37%, which is within the statutory maximum. Both the character of the representation and the results obtained were good as Plaintiff's counsel obtained a stipulated remand after filing the opening brief. Order, ECF 15. There was no significant delay attributable to Plaintiff's counsel.

The requested fee, however, is not proportional to the time spent on the case. *See Gisbrecht*, 535 U.S. at 808 ("If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order."). Counsel requests $13,800 for 6.9 hours of work. In light of the record, the requested fee would result in a windfall to counsel. Only 3.5 hours—half of counsel's time—was spent drafting the complaint and the six-page opening brief, which argued only that the ALJ erred in applying the medical-vocational guidelines. In addition, nearly an hour of the remaining time was spent filing the complaint, downloading the transcript, docketing the opening brief, reviewing the "opinion and order" (which, notably, was the stipulated order proposed by the parties), and preparing the EAJA fee application. Accordingly, the Court reduces Plaintiff's fee to $13,110. This fee takes into account the risk involved in this case, acknowledges the efficient and expedient resolution of this case, and is consistent with other fees awarded in this district. *See Edgar v. Soc. Sec. Admin*, No. 3:14-cv-0267-SI, Order, ECF 27 (D. Or. June 5, 2018) (approving *de facto* hourly rate of $1,820);

*Quinnin v. Colvin*, 1:12-cv-01133-SI, 2013 WL 5786988, at *4 (D. Or. Oct. 28, 2013) (reducing fees to a *de facto* hourly rate of $1,240 for attorney time because of the lack of complexity of the case, the uncontested nature of the proceedings, and low number of total hours billed).

## CONCLUSION

The Court GRANTS in part Plaintiff's Motion [20] and awards Plaintiff's counsel $13,110 in attorney's fees under 42 U.S.C. § 406(b). Previously, the Court awarded Plaintiff attorney's fees in the amount of $1,384.79 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. When issuing the § 406(b) check for payment to Plaintiff's attorney, the Commissioner is directed to subtract the amount previously awarded under EAJA and send Plaintiff's attorney the balance of $11,725.21, less any applicable processing fees as allowed by statute. Any amount withheld after all administrative and court attorney's fees are paid should be released to the claimant.

IT IS SO ORDERED.

Dated      January 16, 2020

_____
Marco A. Hernández
United States District Judge